IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:08CV00377 |
| PREMPRO PRODUCTS LIABILITY | : | |
| LITIGATION | : | |
| | : | |
| | : | |
| PAULA JEWELL and WILLIAM | : | PLAINTIFFS |
| JEWELL | : | |
| | : | |
| v. | : | |
| | : | |
| WYETH, et al. | : | DEFENDANTS |

## TRANSFER ORDER

This case involves only non-Arkansas Plaintiffs,[1] and was directly filed in the Eastern District of Arkansas. By filing directly in this MDL 1507 Transferee Court, rather than in what would otherwise be a more appropriate venue, Plaintiffs not only bypass the multidistrict litigation statute providing for transfer and later remand, but also threaten to burden this court with unnecessary transfer decisions under § 1404(a). The court in *In re Norplant* stated:

> The court will however evaluate, under the standards of §1404(a), the propriety of cases filed directly in this court under circumstances reflecting obvious forum-shopping by plaintiffs' counsel. Further, the court is prepared to proceed at this time either in the context of motions for change of venue or sua sponte if necessary. Obviously, § 1404(a) transfers before the conclusion of multidistrict litigation pretrial proceedings under 28 U.S.C. § 1407 present the anomalous situation of transferring cases out to a more appropriate venue under § 1404(a), only to have those cases transferred back to this court under §1407 by the Judicial Panel on Multidistrict Litigation. Nevertheless, this court is prepared to do just that in order to discourage future attempts by plaintiffs to bypass the § 1407 remand mechanism and in order to minimize the burden on this transferee court of unnecessary transfer decisions at a later time resulting in the return of cases to the districts where they should have been filed in the first place.[2]

---

[1] Plaintiffs' complaint states that they reside in Concord, New Hampshire. The rest of the complaint is a nearly verbatim recitation of the "Master Complaint."

[2] *In re Norplant*, 950 F. Supp. 770, 780-81 (E.D. Tex. 1996).

Whether addressed now or later, § 1404 transfers are an unavoidable result of these filings. Therefore, I will address these transfers forthwith in hopes to deter any future filings of this nature.

Under 28 U.S.C. §1404, this case is transferred to the United States District Court for the District of New Hampshire. Accordingly, the Clerk of the Court is directed to close and transfer this case to that district.

Additionally, the Clerk of the Court is directed to send contemporaneous copies of this transfer order to the MDL panel to allow, to the extent possible, fast-tracking of a § 1407 transfer of this case back to MDL-1507 for coordinated and consolidated pretrial proceedings. Counsel is reminded of their obligations under MDL Panel Rule 7.5(e) and directed to promptly notify the MDL Panel of the new case number designated to the case in the receiving district.

IT IS SO ORDERED this 7th day of May, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE